William C. Holmes
D.C. Bar No. 495186
Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 434584
Citizens for Responsibility
and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C. 20005
202-408-5565

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>1400 Eye Street, N.W., Suite 450<br>Washington, D.C. 20005 | :<br>:<br>:<br>: |
|        Plaintiff, | :<br>: |
|    v. | :   Civil Action No._____ |
| U.S. DEPARTMENT OF HOMELAND SECURITY<br>Washington, D.C. 20528 | :<br>:<br>: |
|        Defendant. | :<br>: |

---

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as

amended, as well as agency FOIA regulations, challenging the failure of the United States

Department of Homeland Security ("DHS"), to fulfill the request of Citizens for Responsibility

and Ethics in Washington ("CREW") for documents relating to the secretary of DHS' methods of communicating with the White House and any other agency or agency components of the Executive Branch.

2.  This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's request for records, in violation of the FOIA and agency regulations for failing to grant plaintiff's request for a waiver of fees and injunctive relief that defendant immediately and fully comply with plaintiff's request under the FOIA.

## JURISDICTION AND VENUE

3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

4.  Plaintiff CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code.  CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions.  To advance its mission, CREW uses a combination of research, litigation, advocacy and public education.  As part of its research, CREW uses government records made available to it under the FOIA.

5.  CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously.  CREW monitors closely the laws and rules

2

applicable to government agencies.

6. CREW is harmed by DHS' failure to comply with the FOIA because that failure harms CREW's ability to provide full, accurate and current information to the public on a matter of public interest. 5 U.S.C. § 552(a)(6)(c). Absent this critical information, CREW cannot advance its mission of educating the public to ensure that the public continues to have a vital voice in government decisions.

7. CREW will analyze the information it receives that is responsive to its request and will share it with the public through memoranda, reports, or press releases. In addition, CREW will disseminate any documents it acquires from its request to the public through www.governmentdocs.org, an interactive website that CREW established and on which CREW and a growing number of other organizations post for public review documents obtained through the FOIA. In addition, CREW's own website contains links to thousands of pages of documents acquired from multiple FOIA requests. See, e.g., http://www.citizensforethics.org/node/25784. Visitors to CREW's website can peruse the FOIA request letters, responses from government agencies and a growing number of documents responsive to FOIA requests. The CREW website also includes documents relating to CREW's FOIA litigation, Internal Revenue Service complaints and Federal Election Commission complaints.

8. Defendant DHS is an agency within the meaning of 5 U.S.C. § 552(f). Defendant is the federal agency with possession and control of the requested records and is responsible for fulfilling CREW's FOIA request.

3

## STATUTORY FRAMEWORK

### The Freedom of Information Act

9.  The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10.  An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

11.  An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial.  5 U.S.C. § 552(a)(6)(A)(ii).

12.  In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B).

13.  The FOIA also requires each agency to promulgate regulations specifying a fee schedule for the processing of FOIA requests and establishing procedures and guidelines for the waiver or reduction of fees.  5 U.S.C. § 552(a)(4)(A).  Defendant DHS' fee waiver regulations are found at 34 C.F.R. § 5.64.  Under the FOIA, agencies should produce documents at no charge to the requester or at a reduced charge if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

4

14.  This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

15.  The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records.  Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered.  5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

16.  On March 23, 2007, CREW sent a FOIA request to DHS seeking documents relating to the secretary of DHS' methods of communicating with the White House and any other agency or agency components of the Executive Branch.  Letter from Anne L. Weismann, Counsel, CREW, to Director, Departmental Disclosure & FOIA, Privacy Office, U.S. Department of Homeland Security (March 23, 2007) (attached as Exhibit 1).  CREW additionally sought calendars, agendas, or other recordations of the schedule of the secretary of DHS.  Id.  CREW also requested a waiver of fees associated with the processing of its request.  Id.

17.  By letter dated June 22, 2007, DHS responded to CREW's FOIA request denying CREW's request for a fee waiver and requesting that CREW "confirm, in writing, [its] willingness to pay the total estimated [FOIA] processing fee of $200," or to alternatively "appeal [DHS' denial of CREW's request for a fee waiver]...within 60 days."  Letter from Vania T. Lockett, Associate Director, Disclosure & FOIA Operations, Department of Homeland Security, to Anne L. Weismann, Counsel, CREW, at 2 (June 22, 2007) (attached as Exhibit 2).

18.  By letter dated August 3, 2007, CREW timely filed an appeal from DHS' fee denial determination of June 22, 2007.  Letter from Anne L. Weismann, Counsel, CREW, to Associate General Counsel (General Law), U.S. Department of Homeland Security (August 3, 2007) (attached as Exhibit 3).  CREW noted in its appeal that in its June 22nd, 2007 letter, DHS did not address any particular deficiencies in CREW's original fee waiver request, but simply stated that, "as a result of our initial review of responsive records, we believe that [such records] do not clearly contribute to significant public understanding of [the] DHS operations as you describe." Id.

19.  Notwithstanding CREW's August 3, 2007 appeal, DHS wrote to CREW on August 9, 2007, stating that "to date we have not received a reply from you regarding your willingness to pay fees."  Letter from Vania T. Lockett, Associate Director, Disclosure & FOIA Operations, to Anne L. Weismann, Counsel, CREW (Aug. 9, 2007) (attached as Exhibit 4).  DHS further stated that it would "consider [CREW's] request withdrawn," if DHS did not receive "written confirmation of [CREW's] willingness to pay the total estimated processing fee amount...within 10 days." Id.

20.  Between November 20 and November 26, CREW corresponded with DHS in an effort to obtain a determination on CREW's August 3, 2007 appeal of DHS' June 22, 2007 denial. See, e.g., fascimile from CREW to Vania T. Lockett, Associate Director, Disclosure & FOIA Operations (Nov. 20, 2007) (attached as Exhibit 5); fascimile from CREW to Michael Russell, Associate General Counsel (General Law), U.S. Department of Homeland Security (Nov. 21, 2007) (attached as Exhibit 6).

6

21.  As of the filing of this complaint, CREW has not received a response from DHS to CREW's August 3, 2007 fee waiver appeal.

22. As of the filing of this complaint, DHS also has not produced any documents to CREW in response to CREW's March 23, 2007 FOIA request.

23.  CREW has now exhausted its administrative remedies with respect to the processing of CREW's FOIA request.  See, e.g., Judicial Watch v. Rossoti, 326 F.3d 1309, 1310 (D.C. Cir. 2003) (citing 5 U.S.C. § 552(a)(6)(C)).

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

### (Failure to Produce Records Under the FOIA)

24.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

25.  Plaintiff properly asked for records within DHS' custody and control.

26.  Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

27.  DHS has produced no records to CREW.

28.  Therefore, DHS violated FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

### CLAIM TWO
### (Improper Denial of Fee Waiver)

29.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

30.  Plaintiff has demonstrated that it is entitled to a waiver of fees associated with processing its FOIA request, because disclosure of responsive records will likely contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the plaintiff.

31.  Therefore, defendant violated FOIA's and defendant's own regulations when it denied CREW's request for fee waiver.  5 U.S.C. § 552(a)(4)(A)(iii); 34 C.F.R. § 5.64.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Declare that the U.S. Department of Homeland Security has violated the Freedom of Information Act by failing to lawfully satisfy plaintiff's FOIA request of March 23, 2007;

(2)  Order DHS to release immediately all records responsive to plaintiff's FOIA request;

(3) Declare that DHS violated the Freedom of Information Act and agency regulations when it determined that Plaintiff is not entitled to a waiver of all fees associated with the processing of its FOIA request and declare that Plaintiff is entitled to a fee waiver;

(3) Award plaintiff its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

William C. Holmes
(D.C. Bar No. 495186)
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and
  Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: December 12, 2007

# EXHIBIT 1

# CREW | citizens for responsibility and ethics in washington

March 23, 2007

**By fax (571-227-1125) and first-class mail**

Director, Departmental Disclosure & FOIA
The Privacy Office
U.S. Department of Homeland Security
Arlington, VA 22202

## Re: Freedom of Information Act Request

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. and Department of Homeland Security ("DHS") regulations, 6 C.F.R. Chapter 1 and Part 5.

Specifically, CREW seeks any and all documents dating from January 1, 2001, to the present, regarding the secretary of DHS's methods of communicating with the White House and any other agency or agency component of the Executive Branch. This request includes, but is not limited to, any directive or other statement regarding the secretary's use of email while at DHS. We also seek any and all documents that reflect the secretary's use of email accounts other than his DHS email account.

In addition, CREW seeks any and all calendars, agendas, or other recordations of Secretary Chertoff's schedule. This request includes, but is not limited to, any paper or electronic documents that record or otherwise keep track of Mr. Chertoff's appointments, events, obligations, speaking engagements, meetings, office-related functions and conference calls, whether they are maintained directly by Mr. Chertoff or by someone else on his behalf.

Please search for responsive records regardless of format, medium, or physical characteristics. Where possible, please produce records electronically, in PDF or TIF format on a CD-ROM. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.



If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of supplying the sought-after information." King v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224 (citing Mead Data Central v. U.S. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. Mead Data Central, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and expenditures, and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of the degree to which the administration and the Secretary of DHS have adopted a policy or practice of not using email to avoid creating a publicly accessible record of their actions.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not

2

in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases. In addition, CREW will disseminate any documents it acquires from this request to the public. CREW has established an interactive website where members of the public can analyze and comment on public documents, including documents CREW acquires through the FOIA. See http://foia.citizensforethics.org/home. Currently, CREW's website contains links to thousands of pages of documents CREW acquired from multiple FOIA requests. CREW's website, www.citizensforethics.org, also includes documents relating to CREW's FOIA litigation, Internal Revenue complaints, and Federal Election Commission complaints. As CREW's website demonstrates, CREW has an established history of acquiring documents through the FOIA and publishing them on its website for public use.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

## Conclusion

Please respond to this request in writing within 20 days. If all of the requested documents are not available within that time period, CREW requests that you provide all requested documents or portions of documents which are available within that time period.

If you have any questions about this request or foresee any problems in releasing fully the requested records within the twenty-day period, please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

ANNE L. WEISMANN
Chief Counsel

TRANSMISSION VERIFICATION REPORT

```
                                    TIME : 03/23/2007 08:52
                                    NAME : CREW
                                    FAX  : 2025885020
                                    TEL  : 2024085565
                                    SER.# : 000B6J828633
```

```
        DATE,TIME              03/23  08:50
        FAX NO./NAME           15712271125
        DURATION               00:01:21
        PAGE(S)                04
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```



# CREW | citizens for responsibility and ethics in washington

1400 Eye Street N.W., Suite 450
Washington, D.C. 20005
Phone: 202-408-5565
Fax: 202-588-5020

## FACSIMILE TRANSMITTAL SHEET

TO: DHS - Privacy Office      FROM: Anne Weismann

COMPANY:                      DATE: 3-23-07

RECIPIENT'S FAX NUMBER:
571-227-1125                  PAGE 1 OF 4

RECIPIENT'S PHONE NUMBER:     RE: FOIA Request

NOTES/COMMENTS:

*Pages transmitted are privileged and confidential.*

# EXHIBIT 2

U.S. Department of Homeland Security
Washington, DC 20528



## Homeland Security

JUN 2 2 2007          *Privacy Office DHS-D3*

Ms. Anne Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W. Suite 450
Washington, DC 20005

Re:  **DHS/OS/PRIV 07-639/Weismann request**

Dear Ms. Weismann:

This letter provides you with an update on your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated and received by this office on March 23, 2007. You are seeking the following:

1.  All documents regarding the Secretary of DHS' methods of communicating with the White House and any other agency or agency component of the Executive Branch, to include any directive or other statement regarding the Secretary's use of e-mail while at DHS and any and all documents that reflect the Secretary's use of e-mail accounts other than his DHS e-mail account; and
2.  Any and all calendars, agendas, or other recordings of Secretary Chertoff's schedule, including, but not limited to, any paper or electronic documents that record or otherwise keep track of Mr. Chertoff's appointments, events, obligations, speaking engagements, meetings, office-related functions and conference calls, whether they are maintained directly by Mr. Chertoff or by someone else on his behalf.

We notified you in an acknowledgement letter dated April 3, 2007, that your request was referred to the DHS Office of Policy (PLCY) and the DHS Office of the General Counsel (OGC) for processing and direct response to you. The Acting FOIA Officer of PLCY, Patricia Miller, will respond directly to you. Should you wish to follow-up with that office, you may call 703-235-0790. You may also contact the FOIA Officer for OGC, Michael D. Russell, via telephone at 202-447-3526 or by writing to Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528.

As it relates to your fee waiver request, I have reviewed your March 23, 2007 letter thoroughly and your argument that CREW is entitled to a blanket waiver of all fees associated with this FOIA request. I have determined there is no convincing argument that CREW is entitled to a waiver of fees. You claim that release of these records will likely contribute to the public's understanding of the degree to which the administration and the Secretary of DHS have adopted a policy or practice of not using email to avoid creating a publicly accessible record of their actions; however, as a result of our initial review of responsive records, we believe that they do not clearly contribute to significant public understanding of DHS operations as you describe. For this reason, I have determined that to furnish these documents to CREW at no cost does not outweigh the burden that will be placed on this office in supplying the records. Therefore, I am denying the request for a waiver of fees.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors. As a non-commercial requestor you will be charged 10-cents a page for duplication, although the

first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00, $7.00, $10.25) of the searcher. It is estimated that our search has produced approximately 2,000 pages. Duplication costs for 2,000 pages at a rate of 10-cents a page would total an overall fee of $200.

Please confirm, in writing, your willingness to pay the total estimated processing fee of $200. **Please send your written confirmation directly to this office within 10 business days from the date of this letter.** Alternatively, you may wish to narrow the scope of your request to reduce the universe of responsive records. If you wish to narrow the scope, please send an amended request and indicate the processing fee amount you are willing to pay within 10 business days from the date of this letter. You may send your agreement to pay estimated fees or your amended request to this office via mail or facsimile to:

> Freedom of Information/Privacy Division
> U. S. Department of Homeland Security
> Privacy Office, Mail stop 0550
> 245 Murray Lane, SW
> Washington, DC  20528-0550
> Fax: 703-235-0443
> Email: FOIA@hq.dhs.gov

Due to the large volume of records associated with this request, we have not yet completed our review and processing of documents. Once we have received your agreement to pay fees, we will begin releasing documents to you on a rolling basis as they become available.

You have the right to appeal the determination to deny you a fee waiver. Should you wish to file an appeal, you must send it within 60 days of the date of this letter to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in Subpart A, Section 5.9, of the DHS Regulations. Your envelope and letter should be marked "Freedom of Information Act Appeal." The implementing Department regulations establish the criteria under which the FOIA is administered. Copies of the FOIA and regulations are available at www.DHS.gov.

If you have any questions regarding this matter, please refer to **DHS/OS/PRIV 07-639/Weismann request** in any future correspondence. The DHS Privacy Office can be reached at 866-431-0486. Thank you for your patience as we proceed on your request.

Sincerely,

Vania T. Lockett
Associate Director, Disclosure & FOIA Operations

# EXHIBIT 3

# CREW | citizens for responsibility and ethics in washington

August 3, 2007

Associate General Counsel (General Law)
U.S. Department of Homeland Security
Washington, D.C.  20528

Re:  <u>Freedom of Information Act Appeal</u>

Dear Sir/Madam:

On March 23, 2007, Citizens for Responsibility and Ethics in Washington ("CREW") sent a Freedom of Information Act ("FOIA") request to the U.S. Department of Homeland Security ("DHS") seeking all documents from January 1, 2001, to the present regarding the secretary of DHS's methods of communicating with the White House and other agencies of the executive branch.  In addition, CREW's request sought documents reflecting the secretary's use of email accounts other than his DHS email account.  CREW sought a waiver of fees based on the fact that disclosure of the requested records is likely to contribute to the public's understanding of the degree to which the administration and the secretary of DHS have adopted a policy or practice of not using email to avoid creating a publicly accessible record of their actions.  A copy of this request is attached as Exhibit A.

DHS acknowledged receipt of CREW's request by letters dated April 3 and April 26, 2007, and advised CREW that it was holding CREW's request for a fee waiver in abeyance "pending the quantification of responsive records."  Thereafter, by letter dated June 22, 2007, Associate Director Vania T. Lockett advised CREW that its fee waiver request was denied (attached as Exhibit B).  As grounds for the denial, Ms. Lockett stated "there is no convincing argument that CREW is entitled to a waiver of fees . . . as a result of our initial review of responsive records, we believe that they do not clearly contribute to significant public understanding of DHS operations as you describe."  CREW hereby appeals the denial of its fee waiver request and requests that you reverse it for the reasons set forth below.

CREW satisfies both DHS's FOIA regulations, 6 C.F.R. Part 5, and the FOIA's provisions governing fee waivers.  The only ground offered by DHS for initially denying the fee waiver request is that the information sought will not contribute significantly to public understanding of DHS operations.  This finding is flatly contradicted, however, by the already significant  public interest in the subject matter of CREW's request and the obvious degree to which that interest and understanding will be enhanced by the additional information CREW seeks to add to the public's knowledge.

The actions of Secretary Chertoff, in communicating with the White House and other Executive Branch agencies concerning official DHS business without question bear directly on "DHS operations." Indeed, it is difficult to conceive of any other individual who has as much an affect on DHS operations than its secretary. High-level communications between Secretary Chertoff and White House officials, as well as officials from other agencies, are the precise type of records that must be preserved under the Federal Records Act. See, e.g., 44 U.S.C. § 3101 (requiring head of each agency to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency." As a necessary corollary, these same records that CREW has requested concern "DHS operations."

To the extent DHS has denied CREW's request for a fee waiver based on its discomfort with disclosing any documents that might suggest, if not prove, that Secretary Chertoff is purposefully not using email to avoid creating a publicly accessible record of his actions, such a denial is contrary to the express purposes of the FOIA. Congress enacted the FOIA to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 2442 (1978). CREW's stated intent in seeking the requested documents is perfectly aligned with and furthers Congress' intent in enacting the FOIA.

CREW's FOIA request also seeks documents that reflect the secretary's use of outside email accounts. This request follows significant media reporting on and congressional investigation into the use by White House officials of email accounts maintained by the Republican National Committee to conduct official government business. To the extent Secretary Chertoff has similarly used outside email accounts to conduct official DHS business, revelation of that information unquestionably would contribute significantly to public understanding of DHS operations.

In addition, we note that DHS recently granted CREW's request for a fee waiver with respect to a closely related FOIA request CREW filed on May 22, 2007, seeking DHS's record keeping guidance and policies. A copy of DHS's letter of June 8, 2007, granting our fee request is enclosed as Exhibit C. DHS's action there to grant the fee waiver request cannot be reconciled with its action here denying CREW's fee waiver request.

CREW is dedicated to protecting the public's right to be aware of the activities of government officials and to ensuring the integrity of those officials. In furtherance of its mission, CREW filed the FOIA request at issue here, seeking to shed light on whether and to what extent the secretary of DHS has sought to conceal his official actions from public scrutiny by avoiding use of government email accounts. CREW's request concerns the operations of government and disclosure of the requested documents will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. This is all that the FOIA's fee waiver provisions require.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver. Accordingly, we request that you reverse DHS's initial decision to deny CREW a fee waiver.

Very truly yours,

ANNE L. WEISMANN
Chief Counsel

Enclosures

3

**EXHIBIT A**

# CREW | citizens for responsibility and ethics in washington

March 23, 2007

**By fax (571-227-1125) and first-class mail**

Director, Departmental Disclosure & FOIA
The Privacy Office
U.S. Department ~~of Homeland Security~~
Arlington, VA  22202

## Re: Freedom of Information Act Request

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. and Department of Homeland Security ("DHS") regulations, 6 C.F.R. Chapter 1 and Part 5.

Specifically, CREW seeks any and all documents dating from January 1, 2001, to the present, regarding the secretary of DHS's methods of communicating with the White House and any other agency or agency component of the Executive Branch.  This request includes, but is not limited to, any directive or other statement regarding the secretary's use of email while at DHS. We also seek any and all documents that reflect the secretary's use of email accounts other than his DHS email account.

In addition, CREW seeks any and all calendars, agendas, or other recordations of Secretary Chertoff's schedule.  This request includes, but is not limited to, any paper or electronic documents that record or otherwise keep track of Mr. Chertoff's appointments, events, obligations, speaking engagements, meetings, office-related functions and conference calls, whether they are maintained directly by Mr. Chertoff or by someone else on his behalf.

Please search for responsive records regardless of format, medium, or physical characteristics.  Where possible, please produce records electronically, in PDF or TIF format on a CD-ROM.  We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs.  Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases. In addition, CREW will disseminate any documents it acquires from this request to the public. CREW has established an interactive website where members of the public can analyze and comment on public documents, including documents CREW acquires through the FOIA. See http://foia.citizensforethics.org/home. Currently, CREW's website contains links to thousands of pages of documents CREW acquired from multiple FOIA requests. CREW's website, www.citizensforethics.org, also includes documents relating to CREW's FOIA litigation, Internal Revenue complaints, and Federal Election Commission complaints. As CREW's website demonstrates, CREW has an established history of acquiring documents through the FOIA and publishing them on its website for public use.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

## Conclusion

Please respond to this request in writing within 20 days. If all of the requested documents are not available within that time period, CREW requests that you provide all requested documents or portions of documents which are available within that time period.

If you have any questions about this request or foresee any problems in releasing fully the requested records within the twenty-day period, please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

ANNE L. WEISMANN
Chief Counsel

3

**EXHIBIT B**



U.S. Department of Homeland Security
Washington, DC 20528

June 8, 2007

Anne Weismann
CREW
1400 Eye Street, N.W. Suite 450
Washington, DC 20005

Re: **DHS/OS/MGMT 07-95/Weismann**

Dear Ms. Weismann:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS)/Management Directorate, dated May 22, 2007, seeking "any and all record keeping guidance and policies dating from January 1, 2001, to the present, for federal records of the Department."

Your request for a fee waiver has been accepted. The disclosure of the requested information is in the public interest and is likely to contribute significantly to public understanding of the operations and activities of the government, in addition, the information requested is not primarily in the commercial interest of the requester.

Your request has been assigned reference number **DHS/OS/MGMT 07-95/Weismann**. Please refer to this identifier in any future correspondence. We have queried the appropriate component of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability.

Per §5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department processes FOIA requests according to their order of receipt. We will make every effort to comply with your request in a timely manner; however, there are currently 25 open requests ahead of yours. Nevertheless, please be assured that our office will respond to your request as expeditiously as possible.

Sincerely,

Mark Dorgan
FOIA Officer

**EXHIBIT C**

U.S. Department of Homeland Security
Washington, DC 20528



**Homeland Security**

JUN **2 2** 2007

*Privacy Office DHS-D3*

Ms. Anne Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W. Suite 450
Washington, DC 20005

Re:  **DHS/OS/PRIV 07-639/Weismann request**

Dear Ms. Weismann:

This letter provides you with an update on your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated and received by this office on March 23, 2007. You are seeking the following:

1.  All documents regarding the Secretary of DHS' methods of communicating with the White House and any other agency or agency component of the Executive Branch, to include any directive or other statement regarding the Secretary's use of e-mail while at DHS and any and all documents that reflect the Secretary's use of e-mail accounts other than his DHS e-mail account; and
2.  Any and all calendars, agendas, or other recordings of Secretary Chertoff's schedule, including, but not limited to, any paper or electronic documents that record or otherwise keep track of Mr. Chertoff's appointments, events, obligations, speaking engagements, meetings, office-related functions and conference calls, whether they are maintained directly by Mr. Chertoff or by someone else on his behalf.

We notified you in an acknowledgement letter dated April 3, 2007, that your request was referred to the DHS Office of Policy (PLCY) and the DHS Office of the General Counsel (OGC) for processing and direct response to you. The Acting FOIA Officer of PLCY, Patricia Miller, will respond directly to you. Should you wish to follow-up with that office, you may call 703-235-0790. You may also contact the FOIA Officer for OGC, Michael D. Russell, via telephone at 202-447-3526 or by writing to Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528.

As it relates to your fee waiver request, I have reviewed your March 23, 2007 letter thoroughly and your argument that CREW is entitled to a blanket waiver of all fees associated with this FOIA request. I have determined there is no convincing argument that CREW is entitled to a waiver of fees. You claim that release of these records will likely contribute to the public's understanding of the degree to which the administration and the Secretary of DHS have adopted a policy or practice of not using email to avoid creating a publicly accessible record of their actions; however, as a result of our initial review of responsive records, we believe that they do not clearly contribute to significant public understanding of DHS operations as you describe. For this reason, I have determined that to furnish these documents to CREW at no cost does not outweigh the burden that will be placed on this office in supplying the records. Therefore, I am denying the request for a waiver of fees.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors. As a non-commercial requestor you will be charged 10-cents a page for duplication, although the

first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00, $7.00, $10.25) of the searcher. It is estimated that our search has produced approximately 2,000 pages. Duplication costs for 2,000 pages at a rate of 10-cents a page would total an overall fee of $200.

Please confirm, in writing, your willingness to pay the total estimated processing fee of $200. **Please send your written confirmation directly to this office within 10 business days from the date of this letter**. Alternatively, you may wish to narrow the scope of your request to reduce the universe of responsive records. If you wish to narrow the scope, please send an amended request and indicate the processing fee amount you are willing to pay within 10 business days from the date of this letter. You may send your agreement to pay estimated fees or your amended request to this office via mail or facsimile to:

> Freedom of Information/Privacy Division
> U. S. Department of Homeland Security
> Privacy Office, Mail stop 0550
> 245 Murray Lane, SW
> Washington, DC 20528-0550
> Fax: 703-235-0443
> Email: FOIA@hq.dhs.gov

Due to the large volume of records associated with this request, we have not yet completed our review and processing of documents. Once we have received your agreement to pay fees, we will begin releasing documents to you on a rolling basis as they become available.

You have the right to appeal the determination to deny you a fee waiver. Should you wish to file an appeal, you must send it within 60 days of the date of this letter to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in Subpart A, Section 5.9, of the DHS Regulations. Your envelope and letter should be marked "Freedom of Information Act Appeal." The implementing Department regulations establish the criteria under which the FOIA is administered. Copies of the FOIA and regulations are available at www.DHS.gov.

If you have any questions regarding this matter, please refer to **DHS/OS/PRIV 07-639/Weismann request** in any future correspondence. The DHS Privacy Office can be reached at 866-431-0486. Thank you for your patience as we proceed on your request.

Sincerely,

Vania T. Lockett
Associate Director, Disclosure & FOIA Operations

**EXHIBIT 4**

U.S. **Department of Homeland Security**
Washington, DC 20528

 **Homeland Security**

August 9, 2007

Ms. Anne Weismann
Citizens for Responsibility
    and Ethics in Washington
1400 Eye Street, N.W. Suite 450
Washington, DC 20005

Re:  **DHS/OS/PRIV 07-639/Weismann request**

Dear Ms. Weismann:

This letter provides you with further information regarding our June 22, 2007 fee estimate, applicable to processing your March 23, 2007 Freedom of Information Act (FOIA) request for:

1.  All documents regarding the Secretary of DHS' methods of communicating with the White House and any other agency or agency component of the Executive Branch, to include any directive or other statement regarding the Secretary's use of e-mail while at DHS and any and all documents that reflect the Secretary's use of e-mail accounts other than his DHS e-mail account; and

2.  Any and all calendars, agendas, or other recordings of Secretary Chertoff's schedule, including, but not limited to, any paper or electronic documents that record or otherwise keep track of Mr. Chertoff's appointments, events, obligations, speaking engagements, meetings, office-related functions and conference calls, whether they are maintained directly by Mr. Chertoff or by someone else on his behalf.

The FOIA provides three levels of fees that may be assessed to process a FOIA request according to categories of FOIA requesters. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(I),(II),(III) (2000).

Our June 22, 2007 letter notified you that you were placed in the "all other" requester category.  Pursuant to the DHS implementing regulations, 6 C.F.R. § 5.11, "all other" or non-commercial requesters are responsible to pay 10-cents a page for duplication, although the first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00, $7.00, $10.25) of the searcher. We notified you that our search located approximately 2,000 pages of records. Duplication costs for 2,000 pages at a rate of $0.10 per page would total $200. We therefore notified you that it is estimated that the overall fee to process your request will equal approximately $200.

We further asked you to please confirm, in writing, your willingness to pay the total estimated processing fee of $200, and to send your written confirmation directly to this office within 10 days from the date of our June 22, 2007 letter. In the alternative, you were given the choice to narrow the scope of your request to reduce the universe of responsive records.

To date we have not received a reply from you regarding your willingness to pay fees. If you wish to narrow the scope of your request, please send an amended request and indicate the processing fee amount you are willing to pay within 10 days from the date of this letter.

You may send your agreement to pay estimated fees or your amended request to this office via mail, facsimile, or email to:

> Freedom of Information/Privacy Division
> U. S. Department of Homeland Security
> Privacy Office, Mail stop 0550
> 245 Murray Lane, SW
> Washington, DC  20528-0550
> Fax: 703-235-0443
> Email: FOIA@hq.dhs.gov

Once we receive written confirmation of your willingness to pay the total estimated processing fees or your amended request we will immediately begin processing the documents responsive to your request. In our final response to your FOIA request, we will adjust the processing fee as necessary to reflect the actual costs for search, review, and duplication if those fees do not match the estimated fees provided above.

If we do not receive written confirmation of your willingness to pay the total estimated processing fee amount of $200 or an amended request within 10 days from the date of this letter, we will consider this request withdrawn, and we will administratively close your request file.

If you have any questions, or would like to discuss this matter, please feel free to contact our office at 866-431-0486.  Please refer to **DHS/OS/PRIV 07-639/Weismann request** in all future correspondence.

Sincerely,

Vania T. Lockett
Associate Director, Disclosure & FOIA Operations

# EXHIBIT 5

TRANSMISSION VERIFICATION REPORT

```
                                        TIME  : 11/20/2007 15:39
                                        NAME  : CREW
                                        FAX   : 2025885020
                                        TEL   : 2024085565
                                        SER.# : 000B6J828633
```

```
        DATE,TIME              11/20  15:36
        FAX NO./NAME           7032350443
        DURATION               00:03:26
        PAGE(S)                13
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```



**CREW** | **citizens for responsibility and ethics in washington**

1400 Eye Street N.W., Suite 450
Washington, D.C. 20005
Phone: 202-408-5565
Fax: 202-588-5020

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: | FROM: |
| Vania T. Lockett | Cliff Holmes |
| COMPANY: | DATE: |
| U.S. Department of Homeland Security | 11/20/07 |
| RECIPIENT'S FAX NUMBER: | |
| 703-235-0443 | PAGE 1 OF 12 |
| RECIPIENT'S PHONE NUMBER: | RE: |
| 866-431-0486 | Freedom of Information Act Appeal |

NOTES/COMMENTS:

FOIA Appeal dated 8/3/07 attached to the fax

*Pages transmitted are privileged and confidential.*

# CREW | citizens for responsibility and ethics in washington

August 3, 2007

Associate General Counsel (General Law)
U.S. Department of Homeland Security
Washington, D.C.  20528

Re:  <u>Freedom of Information Act Appeal</u>

Dear Sir/Madam:

On March 23, 2007, Citizens for Responsibility and Ethics in Washington ("CREW") sent a Freedom of Information Act ("FOIA") request to the U.S. Department of Homeland Security ("DHS") seeking all documents from January 1, 2001, to the present regarding the secretary of DHS's methods of communicating with the White House and other agencies of the executive branch. In addition, CREW's request sought documents reflecting the secretary's use of email accounts other than his DHS email account. CREW sought a waiver of fees based on the fact that disclosure of the requested records is likely to contribute to the public's understanding of the degree to which the administration and the secretary of DHS have adopted a policy or practice of not using email to avoid creating a publicly accessible record of their actions. A copy of this request is attached as Exhibit A.

DHS acknowledged receipt of CREW's request by letters dated April 3 and April 26, 2007, and advised CREW that it was holding CREW's request for a fee waiver in abeyance "pending the quantification of responsive records." Thereafter, by letter dated June 22, 2007, Associate Director Vania T. Lockett advised CREW that its fee waiver request was denied (attached as Exhibit B). As grounds for the denial, Ms. Lockett stated "there is no convincing argument that CREW is entitled to a waiver of fees . . . as a result of our initial review of responsive records, we believe that they do not clearly contribute to significant public understanding of DHS operations as you describe." CREW hereby appeals the denial of its fee waiver request and requests that you reverse it for the reasons set forth below.

CREW satisfies both DHS's FOIA regulations, 6 C.F.R. Part 5, and the FOIA's provisions governing fee waivers. The only ground offered by DHS for initially denying the fee waiver request is that the information sought will not contribute significantly to public understanding of DHS operations. This finding is flatly contradicted, however, by the already significant  public interest in the subject matter of CREW's request and the obvious degree to which that interest and understanding will be enhanced by the additional information CREW seeks to add to the public's knowledge.

The actions of Secretary Chertoff, in communicating with the White House and other Executive Branch agencies concerning official DHS business without question bear directly on "DHS operations." Indeed, it is difficult to conceive of any other individual who has as much an affect on DHS operations than its secretary. High-level communications between Secretary Chertoff and White House officials, as well as officials from other agencies, are the precise type of records that must be preserved under the Federal Records Act. See, e.g., 44 U.S.C. § 3101 (requiring head of each agency to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency." As a necessary corollary, these same records that CREW has requested concern "DHS operations."

To the extent DHS has denied CREW's request for a fee waiver based on its discomfort with disclosing any documents that might suggest, if not prove, that Secretary Chertoff is purposefully not using email to avoid creating a publicly accessible record of his actions, such a denial is contrary to the express purposes of the FOIA. Congress enacted the FOIA to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 2442 (1978). CREW's stated intent in seeking the requested documents is perfectly aligned with and furthers Congress' intent in enacting the FOIA.

CREW's FOIA request also seeks documents that reflect the secretary's use of outside email accounts. This request follows significant media reporting on and congressional investigation into the use by White House officials of email accounts maintained by the Republican National Committee to conduct official government business. To the extent Secretary Chertoff has similarly used outside email accounts to conduct official DHS business, revelation of that information unquestionably would contribute significantly to public understanding of DHS operations.

In addition, we note that DHS recently granted CREW's request for a fee waiver with respect to a closely related FOIA request CREW filed on May 22, 2007, seeking DHS's record keeping guidance and policies. A copy of DHS's letter of June 8, 2007, granting our fee request is enclosed as Exhibit C. DHS's action there to grant the fee waiver request cannot be reconciled with its action here denying CREW's fee waiver request.

CREW is dedicated to protecting the public's right to be aware of the activities of government officials and to ensuring the integrity of those officials. In furtherance of its mission, CREW filed the FOIA request at issue here, seeking to shed light on whether and to what extent the secretary of DHS has sought to conceal his official actions from public scrutiny by avoiding use of government email accounts. CREW's request concerns the operations of government and disclosure of the requested documents will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. This is all that the FOIA's fee waiver provisions require.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver. Accordingly, we request that you reverse DHS's initial decision to deny CREW a fee waiver.

Very truly yours,

ANNE L. WEISMANN
Chief Counsel

Enclosures

# EXHIBIT A

# CREW | citizens for responsibility and ethics in washington

March 23, 2007

**By fax (571-227-1125) and first-class mail**

Director, Departmental Disclosure & FOIA
The Privacy Office
U.S. Department of Homeland Security
Arlington, VA  22202

### Re: Freedom of Information Act Request

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. and Department of Homeland Security ("DHS") regulations, 6 C.F.R. Chapter 1 and Part 5.

Specifically, CREW seeks any and all documents dating from January 1, 2001, to the present, regarding the secretary of DHS's methods of communicating with the White House and any other agency or agency component of the Executive Branch. This request includes, but is not limited to, any directive or other statement regarding the secretary's use of email while at DHS. We also seek any and all documents that reflect the secretary's use of email accounts other than his DHS email account.

In addition, CREW seeks any and all calendars, agendas, or other recordations of Secretary Chertoff's schedule. This request includes, but is not limited to, any paper or electronic documents that record or otherwise keep track of Mr. Chertoff's appointments, events, obligations, speaking engagements, meetings, office-related functions and conference calls, whether they are maintained directly by Mr. Chertoff or by someone else on his behalf.

Please search for responsive records regardless of format, medium, or physical characteristics. Where possible, please produce records electronically, in PDF or TIF format on a CD-ROM. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases. In addition, CREW will disseminate any documents it acquires from this request to the public. CREW has established an interactive website where members of the public can analyze and comment on public documents, including documents CREW acquires through the FOIA. See http://foia.citizensforethics.org/home. Currently, CREW's website contains links to thousands of pages of documents CREW acquired from multiple FOIA requests. CREW's website, www.citizensforethics.org, also includes documents relating to CREW's FOIA litigation, Internal Revenue complaints, and Federal Election Commission complaints. As CREW's website demonstrates, CREW has an established history of acquiring documents through the FOIA and publishing them on its website for public use.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

## Conclusion

Please respond to this request in writing within 20 days. If all of the requested documents are not available within that time period, CREW requests that you provide all requested documents or portions of documents which are available within that time period.

If you have any questions about this request or foresee any problems in releasing fully the requested records within the twenty-day period, please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

ANNE L. WEISMANN
Chief Counsel

3

# EXHIBIT B

U.S. Department of Homeland Security
Washington, DC 20528



**Homeland Security**

June 8, 2007

Anne Weismann
CREW
1400 Eye Street, N.W. Suite 450
Washington, DC 20005

Re: **DHS/OS/MGMT 07-95/Weismann**

Dear Ms. Weismann:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS)/Management Directorate, dated May 22, 2007, seeking "any and all record keeping guidance and policies dating from January 1, 2001, to the present, for federal records of the Department."

Your request for a fee waiver has been accepted. The disclosure of the requested information is in the public interest and is likely to contribute significantly to public understanding of the operations and activities of the government, in addition, the information requested is not primarily in the commercial interest of the requester.

Your request has been assigned reference number **DHS/OS/MGMT 07-95/Weismann**. Please refer to this identifier in any future correspondence. We have queried the appropriate component of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability.

Per §5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department processes FOIA requests according to their order of receipt. We will make every effort to comply with your request in a timely manner; however, there are currently 25 open requests ahead of yours. Nevertheless, please be assured that our office will respond to your request as expeditiously as possible.

Sincerely,

Mark Dorgan
FOIA Officer

**EXHIBIT C**

U.S. Department of Homeland Securi
Washington, DC 20528

 **Homeland Security**

JUN 2 2 2007   *Privacy Office DHS-D3*

Ms. Anne Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W. Suite 450
Washington, DC 20005

Re:  **DHS/OS/PRIV 07-639/Weismann request**

Dear Ms. Weismann:

This letter provides you with an update on your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated and received by this office on March 23, 2007. You are seeking the following:

1.  All documents regarding the Secretary of DHS' methods of communicating with the White House and any other agency or agency component of the Executive Branch, to include any directive or other statement regarding the Secretary's use of e-mail while at DHS and any and all documents that reflect the Secretary's use of e-mail accounts other than his DHS e-mail account; and
2.  Any and all calendars, agendas, or other recordings of Secretary Chertoff's schedule, including, but not limited to, any paper or electronic documents that record or otherwise keep track of Mr. Chertoff's appointments, events, obligations, speaking engagements, meetings, office-related functions and conference calls, whether they are maintained directly by Mr. Chertoff or by someone else on his behalf.

We notified you in an acknowledgement letter dated April 3, 2007, that your request was referred to the DHS Office of Policy (PLCY) and the DHS Office of the General Counsel (OGC) for processing and direct response to you. The Acting FOIA Officer of PLCY, Patricia Miller, will respond directly to you. Should you wish to follow-up with that office, you may call 703-235-0790. You may also contact the FOIA Officer for OGC, Michael D. Russell, via telephone at 202-447-3526 or by writing to Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528.

As it relates to your fee waiver request, I have reviewed your March 23, 2007 letter thoroughly and your argument that CREW is entitled to a blanket waiver of all fees associated with this FOIA request. I have determined there is no convincing argument that CREW is entitled to a waiver of fees. You claim that release of these records will likely contribute to the public's understanding of the degree to which the administration and the Secretary of DHS have adopted a policy or practice of not using email to avoid creating a publicly accessible record of their actions; however, as a result of our initial review of responsive records, we believe that they do not clearly contribute to significant public understanding of DHS operations as you describe. For this reason, I have determined that to furnish these documents to CREW at no cost does not outweigh the burden that will be placed on this office in supplying the records. Therefore, I am denying the request for a waiver of fees.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors. As a non-commercial requestor you will be charged 10-cents a page for duplication, although the

first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00, $7.00, $10.25) of the searcher. It is estimated that our search has produced approximately 2,000 pages. Duplication costs for 2,000 pages at a rate of 10-cents a page would total an overall fee of $200.

Please confirm, in writing, your willingness to pay the total estimated processing fee of $200. **Please send your written confirmation directly to this office within 10 business days from the date of this letter**. Alternatively, you may wish to narrow the scope of your request to reduce the universe of responsive records. If you wish to narrow the scope, please send an amended request and indicate the processing fee amount you are willing to pay within 10 business days from the date of this letter. You may send your agreement to pay estimated fees or your amended request to this office via mail or facsimile to:

> Freedom of Information/Privacy Division
> U. S. Department of Homeland Security
> Privacy Office, Mail stop 0550
> 245 Murray Lane, SW
> Washington, DC  20528-0550
> Fax: 703-235-0443
> Email: FOIA@hq.dhs.gov

Due to the large volume of records associated with this request, we have not yet completed our review and processing of documents. Once we have received your agreement to pay fees, we will begin releasing documents to you on a rolling basis as they become available.

You have the right to appeal the determination to deny you a fee waiver. Should you wish to file an appeal, you must send it within 60 days of the date of this letter to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in Subpart A, Section 5.9, of the DHS Regulations. Your envelope and letter should be marked "Freedom of Information Act Appeal." The implementing Department regulations establish the criteria under which the FOIA is administered. Copies of the FOIA and regulations are available at www.DHS.gov.

If you have any questions regarding this matter, please refer to **DHS/OS/PRIV 07-639/Weismann request** in any future correspondence. The DHS Privacy Office can be reached at 866-431-0486. Thank you for your patience as we proceed on your request.

Sincerely,

Vania T. Lockett
Associate Director, Disclosure & FOIA Operations

# EXHIBIT 6

TRANSMISSION VERIFICATION REPORT

```
                                  TIME  : 11/21/2007 14:25
                                  NAME  : CREW
                                  FAX   : 2025885020
                                  TEL   : 2024085565
                                  SER.# : 000B6J828633
```

```
          DATE,TIME               11/21  14:23
          FAX NO./NAME            2024473111
          DURATION               00:01:36
          PAGE(S)                13
          RESULT                 OK
          MODE                   STANDARD
                                 ECM
```



# CREW | citizens for responsibility and ethics in washington

1400 Eye Street N.W., Suite 450
Washington, D.C. 20005
Phone: 202-408-5565
Fax: 202-588-5020

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: | FROM: |
| Michael Russell | Cliff Holmes |
| COMPANY: | DATE: |
| | 11/21/07 |
| RECIPIENT'S FAX NUMBER: | |
| 202-447-3111 | PAGE 1 OF 13 |
| RECIPIENT'S PHONE NUMBER: | RE: |
| 202-447-3526 | Freedom of Information Act Appeal |

NOTES/COMMENTS:

*Pages transmitted are privileged and confidential.*

# CREW | citizens for responsibility and ethics in washington

August 3, 2007

Associate General Counsel (General Law)
U.S. Department of Homeland Security
Washington, D.C. 20528

Re:  Freedom of Information Act Appeal

Dear Sir/Madam:

On March 23, 2007, Citizens for Responsibility and Ethics in Washington ("CREW") sent a Freedom of Information Act ("FOIA") request to the U.S. Department of Homeland Security ("DHS") seeking all documents from January 1, 2001, to the present regarding the secretary of DHS's methods of communicating with the White House and other agencies of the executive branch. In addition, CREW's request sought documents reflecting the secretary's use of email accounts other than his DHS email account. CREW sought a waiver of fees based on the fact that disclosure of the requested records is likely to contribute to the public's understanding of the degree to which the administration and the secretary of DHS have adopted a policy or practice of not using email to avoid creating a publicly accessible record of their actions. A copy of this request is attached as Exhibit A.

DHS acknowledged receipt of CREW's request by letters dated April 3 and April 26, 2007, and advised CREW that it was holding CREW's request for a fee waiver in abeyance "pending the quantification of responsive records." Thereafter, by letter dated June 22, 2007, Associate Director Vania T. Lockett advised CREW that its fee waiver request was denied (attached as Exhibit B). As grounds for the denial, Ms. Lockett stated "there is no convincing argument that CREW is entitled to a waiver of fees . . . as a result of our initial review of responsive records, we believe that they do not clearly contribute to significant public understanding of DHS operations as you describe." CREW hereby appeals the denial of its fee waiver request and requests that you reverse it for the reasons set forth below.

CREW satisfies both DHS's FOIA regulations, 6 C.F.R. Part 5, and the FOIA's provisions governing fee waivers. The only ground offered by DHS for initially denying the fee waiver request is that the information sought will not contribute significantly to public understanding of DHS operations. This finding is flatly contradicted, however, by the already significant public interest in the subject matter of CREW's request and the obvious degree to which that interest and understanding will be enhanced by the additional information CREW seeks to add to the public's knowledge.

The actions of Secretary Chertoff, in communicating with the White House and other Executive Branch agencies concerning official DHS business without question bear directly on "DHS operations." Indeed, it is difficult to conceive of any other individual who has as much an affect on DHS operations than its secretary. High-level communications between Secretary Chertoff and White House officials, as well as officials from other agencies, are the precise type of records that must be preserved under the Federal Records Act. See, e.g., 44 U.S.C. § 3101 (requiring head of each agency to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency." As a necessary corollary, these same records that CREW has requested concern "DHS operations."

To the extent DHS has denied CREW's request for a fee waiver based on its discomfort with disclosing any documents that might suggest, if not prove, that Secretary Chertoff is purposefully not using email to avoid creating a publicly accessible record of his actions, such a denial is contrary to the express purposes of the FOIA. Congress enacted the FOIA to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 2442 (1978). CREW's stated intent in seeking the requested documents is perfectly aligned with and furthers Congress' intent in enacting the FOIA.

CREW's FOIA request also seeks documents that reflect the secretary's use of outside email accounts. This request follows significant media reporting on and congressional investigation into the use by White House officials of email accounts maintained by the Republican National Committee to conduct official government business. To the extent Secretary Chertoff has similarly used outside email accounts to conduct official DHS business, revelation of that information unquestionably would contribute significantly to public understanding of DHS operations.

In addition, we note that DHS recently granted CREW's request for a fee waiver with respect to a closely related FOIA request CREW filed on May 22, 2007, seeking DHS's record keeping guidance and policies. A copy of DHS's letter of June 8, 2007, granting our fee request is enclosed as Exhibit C. DHS's action there to grant the fee waiver request cannot be reconciled with its action here denying CREW's fee waiver request.

CREW is dedicated to protecting the public's right to be aware of the activities of government officials and to ensuring the integrity of those officials. In furtherance of its mission, CREW filed the FOIA request at issue here, seeking to shed light on whether and to what extent the secretary of DHS has sought to conceal his official actions from public scrutiny by avoiding use of government email accounts. CREW's request concerns the operations of government and disclosure of the requested documents will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. This is all that the FOIA's fee waiver provisions require.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver. Accordingly, we request that you reverse DHS's initial decision to deny CREW a fee waiver.

Very truly yours,

ANNE L. WEISMANN
Chief Counsel

Enclosures

**EXHIBIT A**

# CREW | citizens for responsibility and ethics in washington

March 23, 2007

**By fax (571-227-1125) and first-class mail**

Director, Departmental Disclosure & FOIA
The Privacy Office
U.S. Department ~~of Homeland Security~~
Arlington, VA  22202

**Re: Freedom of Information Act Request**

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. and Department of Homeland Security ("DHS") regulations, 6 C.F.R. Chapter 1 and Part 5.

Specifically, CREW seeks any and all documents dating from January 1, 2001, to the present, regarding the secretary of DHS's methods of communicating with the White House and any other agency or agency component of the Executive Branch. This request includes, but is not limited to, any directive or other statement regarding the secretary's use of email while at DHS. We also seek any and all documents that reflect the secretary's use of email accounts other than his DHS email account.

In addition, CREW seeks any and all calendars, agendas, or other recordations of Secretary Chertoff's schedule. This request includes, but is not limited to, any paper or electronic documents that record or otherwise keep track of Mr. Chertoff's appointments, events, obligations, speaking engagements, meetings, office-related functions and conference calls, whether they are maintained directly by Mr. Chertoff or by someone else on his behalf.

Please search for responsive records regardless of format, medium, or physical characteristics. Where possible, please produce records electronically, in PDF or TIF format on a CD-ROM. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases. In addition, CREW will disseminate any documents it acquires from this request to the public. CREW has established an interactive website where members of the public can analyze and comment on public documents, including documents CREW acquires through the FOIA. See http://foia.citizensforethics.org/home. Currently, CREW's website contains links to thousands of pages of documents CREW acquired from multiple FOIA requests. CREW's website, www.citizensforethics.org, also includes documents relating to CREW's FOIA litigation, Internal Revenue complaints, and Federal Election Commission complaints. As CREW's website demonstrates, CREW has an established history of acquiring documents through the FOIA and publishing them on its website for public use.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

## Conclusion

Please respond to this request in writing within 20 days. If all of the requested documents are not available within that time period, CREW requests that you provide all requested documents or portions of documents which are available within that time period.

If you have any questions about this request or foresee any problems in releasing fully the requested records within the twenty-day period, please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

ANNE L. WEISMANN
Chief Counsel

3

# EXHIBIT B

U.S. Department of Homeland Security
Washington, DC 20528



# Homeland Security

June 8, 2007

Anne Weismann
CREW
1400 Eye Street, N.W. Suite 450
Washington, DC 20005

Re: **DHS/OS/MGMT 07-95/Weismann**

Dear Ms. Weismann:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS)/Management Directorate, dated May 22, 2007, seeking "any and all record keeping guidance and policies dating from January 1, 2001, to the present, for federal records of the Department."

Your request for a fee waiver has been accepted. The disclosure of the requested information is in the public interest and is likely to contribute significantly to public understanding of the operations and activities of the government, in addition, the information requested is not primarily in the commercial interest of the requester.

Your request has been assigned reference number **DHS/OS/MGMT 07-95/Weismann**. Please refer to this identifier in any future correspondence. We have queried the appropriate component of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability.

Per §5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department processes FOIA requests according to their order of receipt. We will make every effort to comply with your request in a timely manner; however, there are currently 25 open requests ahead of yours. Nevertheless, please be assured that our office will respond to your request as expeditiously as possible.

Sincerely,

*Mark Dorgan*

Mark Dorgan
FOIA Officer

**EXHIBIT C**

U.S. Department of Homeland Secur
Washington, DC 20528



**Homeland
Security**

JUN 2 2 2007    *Privacy Office DHS-D3*

Ms. Anne Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W. Suite 450
Washington, DC 20005

Re: **DHS/OS/PRIV 07-639/Weismann request**

Dear Ms. Weismann:

This letter provides you with an update on your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated and received by this office on March 23, 2007. You are seeking the following:

1. All documents regarding the Secretary of DHS' methods of communicating with the White House and any other agency or agency component of the Executive Branch, to include any directive or other statement regarding the Secretary's use of e-mail while at DHS and any and all documents that reflect the Secretary's use of e-mail accounts other than his DHS e-mail account; and
2. Any and all calendars, agendas, or other recordings of Secretary Chertoff's schedule, including, but not limited to, any paper or electronic documents that record or otherwise keep track of Mr. Chertoff's appointments, events, obligations, speaking engagements, meetings, office-related functions and conference calls, whether they are maintained directly by Mr. Chertoff or by someone else on his behalf.

We notified you in an acknowledgement letter dated April 3, 2007, that your request was referred to the DHS Office of Policy (PLCY) and the DHS Office of the General Counsel (OGC) for processing and direct response to you. The Acting FOIA Officer of PLCY, Patricia Miller, will respond directly to you. Should you wish to follow-up with that office, you may call 703-235-0790. You may also contact the FOIA Officer for OGC, Michael D. Russell, via telephone at 202-447-3526 or by writing to Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528.

As it relates to your fee waiver request, I have reviewed your March 23, 2007 letter thoroughly and your argument that CREW is entitled to a blanket waiver of all fees associated with this FOIA request. I have determined there is no convincing argument that CREW is entitled to a waiver of fees. You claim that release of these records will likely contribute to the public's understanding of the degree to which the administration and the Secretary of DHS have adopted a policy or practice of not using email to avoid creating a publicly accessible record of their actions; however, as a result of our initial review of responsive records, we believe that they do not clearly contribute to significant public understanding of DHS operations as you describe. For this reason, I have determined that to furnish these documents to CREW at no cost does not outweigh the burden that will be placed on this office in supplying the records. Therefore, I am denying the request for a waiver of fees.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors. As a non-commercial requestor you will be charged 10-cents a page for duplication, although the

first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00, $7.00, $10.25) of the searcher. It is estimated that our search has produced approximately 2,000 pages. Duplication costs for 2,000 pages at a rate of 10-cents a page would total an overall fee of $200.

Please confirm, in writing, your willingness to pay the total estimated processing fee of $200. **Please send your written confirmation directly to this office within 10 business days from the date of this letter**. Alternatively, you may wish to narrow the scope of your request to reduce the universe of responsive records. If you wish to narrow the scope, please send an amended request and indicate the processing fee amount you are willing to pay within 10 business days from the date of this letter. You may send your agreement to pay estimated fees or your amended request to this office via mail or facsimile to:

> Freedom of Information/Privacy Division
> U. S. Department of Homeland Security
> Privacy Office, Mail stop 0550
> 245 Murray Lane, SW
> Washington, DC  20528-0550
> Fax: 703-235-0443
> Email: FOIA@hq.dhs.gov

Due to the large volume of records associated with this request, we have not yet completed our review and processing of documents. Once we have received your agreement to pay fees, we will begin releasing documents to you on a rolling basis as they become available.

You have the right to appeal the determination to deny you a fee waiver. Should you wish to file an appeal, you must send it within 60 days of the date of this letter to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in Subpart A, Section 5.9, of the DHS Regulations. Your envelope and letter should be marked "Freedom of Information Act Appeal." The implementing Department regulations establish the criteria under which the FOIA is administered. Copies of the FOIA and regulations are available at www.DHS.gov.

If you have any questions regarding this matter, please refer to **DHS/OS/PRIV 07-639/Weismann request** in any future correspondence. The DHS Privacy Office can be reached at 866-431-0486. Thank you for your patience as we proceed on your request.

Sincerely,

Vania T. Lockett
Associate Director, Disclosure & FOIA Operations

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Citizens for Responsibility and Ethics in Washington | U.S. Department of Homeland Security |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    20005 <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT <br> (IN U.S. PLAINTIFF CASES ONLY)    20005 <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| William C. Holmes <br> Anne L. Weismann <br> Citizens for Responsibility and Ethics in Washington <br> 1400 Eye Street, N.W., Suite 450 <br> Washington, D.C. 20005 <br> 202-408-5565 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    **OR**    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○  **G.**  *Habeas Corpus/* *2255* | ○  **H.**  *Employment Discrimination* | ○  **I.**  *FOIA/PRIVACY ACT* | ○  **J.**  *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○  **K.**  *Labor/ERISA (non-employment)* | ○  **L.**  *Other Civil Rights (non-employment)* | ○  **M.**  *Contract* | ○  **N.**  *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. § 552. The U.S. Department of Homeland Security has failed to produce records in response to plaintiff's FOIA request.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** _____  Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  12/12/07    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.