UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY <br> AND ETHICS IN WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT <br> OF HOMELAND SECURITY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:07-cv-02236 <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT MOTION TO STAY LITIGATION**

Plaintiff and defendant jointly move the Court to stay the above-captioned litigation. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") filed a Freedom of Information Act ("FOIA") request with defendant United States Department of Homeland Security ("DHS"). In this litigation, CREW is alleging that DHS has failed to fulfill plaintiff's request for records under the FOIA, and CREW has further alleged that DHS improperly failed to grant plaintiff's request for a waiver of fees.

On or about January 28, 2008, DHS reversed its earlier decision denying CREW the fee waiver it had sought, so that request for relief is now moot. In response to this reversal, CREW has narrowed the scope of its original FOIA request, and the parties have agreed on a production schedule.

Specifically, CREW's narrowed request seeks only the following documents:

(1) Any and all documents containing a statement of the policy that Secretary Chertoff should follow regarding the use of email. This request is not limited to documents that originated at DHS, and includes any document containing such a statement of policy, regardless

of the agency in which that document originated. CREW also specifically seeks representative copies of e-mails that have been sent by Secretary Chertoff from his U.S. government-issued e-mail account and that pertain to official government business, dating from March 1, 2005 to the date of CREW's FOIA request.[1]

To the extent that DHS possesses copies of e-mail messages that have been sent by the Secretary from any private e-mail account and that pertain to official government business, CREW additionally requests representative copies of such e-mails, up to 13 in total, for the time period dating from March 1, 2005 through the present. CREW is not seeking any information that would be subject to an exemption under the FOIA.

(2) Any and all schedules or calendars pertaining to inter-agency meetings attended by Secretary Chertoff during the pertinent timeframe. In this respect, CREW is seeking only Secretary Chertoff's calendars and/or schedules, and is not making the broader request for any calendar and/or schedule maintained by other individuals who may have had a meeting with Secretary Chertoff. CREW is not seeking any information in any of these schedules or calendars that would be subject to an exemption under the FOIA.

DHS, in turn, will start production of any and all non-exempt documents listed above by February 18, 2008, to the extent the production of such documents does not require inter-agency

---

[1] As used in this request, the term "representative copies" means as follows: "Representative" copies-- CREW requests copies of individual e-mails sent by Secretary Chertoff from his government-issued e-mail account, one each on a bi-monthly time basis for the time period dating from March 1, 2005 through the present. Thus, the response to this request should consist of at least one e-mail for each of the seventeen time periods dating from 1) March 1, 2005 through May 1, 2005; 2) May 2, 2005 through July 2, 2005; and so on, up to and including 13) March 2, 2007 through the date of CREW's FOIA request. CREW is not seeking any information in any of these e-mails that would be subject to an exemption under the FOIA.

coordination.

As to remaining documents subsumed within CREW's request, because inter-agency schedules and calendars by definition involve other agencies, DHS must have the input and cooperation of these agencies to respond to ensure that only non-exempt material responsive to CREW's amended request is produced. To the extent that this proves to be the case, DHS will produce non-exempt such documents on a rolling basis as they become available.

Pursuant to this agreement, DHS remains in the process of compiling non-exempt documents responsive to CREW's amended request, and anticipates commencing production of these documents by February 18, 2008. Accordingly, in light of the substantial progress the parties have made to resolve the issues between them, DHS and CREW jointly move the Court to stay the litigation for ninety (90) days.

## **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court issue a stay of the instant litigation for ninety (90) days.

Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General
ELIZABETH SHAPIRO
Civil Division, Federal Programs Branch

_/s/ William C. Holmes_  
WILLIAM C. HOLMES  
D.C. Bar # 495186  
ANNE L. WEISMANN  
D.C. Bar # 298190  
MELANIE SLOAN  
D.C. Bar # 434584  
Citizens for Responsibility and  
Ethics in Washington  
1400 Eye Street, NW; Suite 450  
Washington, D.C. 20005  
Tel: (202) 408-5565  
Counsel for Plaintiff

_/s/ C. Lee Reeves_  
C. LEE REEVES  
Trial Attorney  
Civil Division, Federal Programs Branch  
United States Department of Justice  
20 Massachusetts Ave., N.W., Room 7109  
Washington, D.C. 20530  
Telephone: (202) 514-4805  
Facsimile: (202) 616-8470  
Email: lee.reeves@usdoj.gov  
Attorneys for the United States of America

Dated: February 14, 2008

4